Battle, J.
 

 In the will, which is made a part of the case agreed, the testator, after devising and bequeathing to his wife for life, all his estate, real and personal, adds the following clauses: “In the event of my wife’s death, all my real and personal property to pass to my nephew and niece, William Brice and Martha L. Harris, either of whom dying without heirs, it passes to the other. I give my niece, Martha L. Harris, one bed furnished, and a bureau. In the event of my wife’s having and leaving an heir, provided it attains maturity,the above will is revoked, and my property is to be divided, by law, between my wife and heir or heirs.” The question presented by the case agreed, is whether in the events, which happened, the slaves for which the suit was brought, passed under the will, as part of the testator’s property, to the child which his wife had by her second husband, and we are clearly of the opinion that they did not. Besides, the great improbability of the testator’s having an intention to provide for the child which another husband might have by his wife, to the exclusion of his own nephew and niece, we think the fair grammatical construction of the will, is opposed to the claim of the plaintiffs. The use of the indefinite article “an” as applied to the heir of the wife, is restricted by the subsequent use, in the same sentence, of the personal pronoun “my” in connection with the words “wife and heir of heirs,” in the division of the testator’s property. If I use the expression, “my wife and children,” or “my wife and heir or heirs,” I certainly cannot be understood to mean “ my wife” and “ another man’s children or heirs.” The case of
 
 Evans
 
 v.
 
 King, 3
 
 Jones’ Eq. 387, is plainly distinguishable from this; because, in that case, there was nothing to limit the signification of the indefinite pronoun “ any ” in the deed
 
 *216
 
 which created a trust in favor of the wife of the grantor and his daughter, “and any child or children that the aforesaid E. L. H. (the wife) may hereafter have.” The Court said “it is certainly unusual for a man to convey property with an intent to provide for a child that his wife may have by another husband; but he may do so if he chooses, and the fact that it is unusual, will not, of itself, justify a Court in departing from the. ordinary meaning of the terms used in the deed. There is nothing whatever, in the deed to qualify or explain the words “ and any child or children that the aforesaid Elizabeth L. Holmes may hereafter have.” Had there been anything in the instrument to afford such qualification or explanation, the Court would undoubtedly have availed itself of it for the purpose of avoiding a construction leading to such an unusual and unnatural result. See
 
 Good
 
 v. Harris, 2 Ired. Eq. Rep. 630.
 

 Pee Curiam,
 

 Judgment affirmed.